IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | Case No.  4:05CV3190 |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **JUDGMENT AND** |
| | ) | **DECREE OF FORECLOSURE** |
| **TERRY COLBURN, LORI COLBURN,** | ) | **AND ORDER OF SALE** |
| and **ROY AL FINANCE & LOAN,** | ) | |
| Assignee of American Siding and | ) | |
| Window, | ) | |
| | ) | |
| **Defendants.** | ) | |

    This matter is before the Court for determination upon the Motion for Default Judgment (Filing No. 26) and the Complaint filed by the Plaintiff, United States of America. The Plaintiff appears by and through its attorneys, Michael G. Heavican, United States Attorney for the District of Nebraska, and Paul D. Boeshart, Assistant United States Attorney for the District.  The Defendants Terry Colburn, Lori Colburn, and Roy Al Finance & Loan Co., assignee of American Siding and Window, failed to answer or otherwise appear or plead to the allegations contained in the Complaint and the Defendants are in default in this action.

    The Court, having examined the record of these proceedings, and having been fully advised in the premises, makes the following findings.  The Court has jurisdiction of these proceedings pursuant to 28 U.S.C. § 1345, and due and legal notice of the pendency of this action has been given.  The Court has acquired jurisdiction of all the parties.

    Each and all of the allegations of Plaintiff's Complaint are taken as true, and the Plaintiff is entitled to a Decree of Foreclosure in rem, in part, and an Order of Sale as prayed.  The premises herein described will sell to the best advantage in one entire tract.

There is due and owing to the Plaintiff as of June 19, 2006, the principal sum of $35,131.50, plus interest credit or subsidy subject to recapture in the amount of $4,310.40, plus accrued interest in the amount of $5,332.15, together with interest accruing at the rate of $8.4219 per day from June 19, 2006, until the date of entry of this decree. Interest will accrue on the sums from and after the date of entry of this decree at the legal rate of 5.24% computed daily and compounded annually until paid in full. The amount due Plaintiff as stated herein is the first lien on the following described real estate in Butler County, Nebraska, to-wit:

> Lot Five (5) and the South Half (S½) of Lot Four (4), all in Block Three (3), Will, Thorpe and Perkins Second (2nd) Addition to David City, Butler County, Nebraska.

(*See* Filing No. 27, Affidavit of E. Scot Blehm). Based on these findings,

IT IS ORDERED, ADJUDGED AND DECREED:

1. The Plaintiff's Motion for Default Judgment (Filing No. 26) is granted;

2. Judgment is entered against defendants Terry Colburn and Roy Al Finance & Loan Co., Assignee of American Siding and Window;

3. Judgment in rem is entered against the defendant Lori Colburn and the real estate that is the subject of this action;

4. The foregoing findings are made a part of this decree and order and by this reference incorporated herein;

5. If the costs as indicated below and the several amounts above found due and interest thereon be not paid within twenty (20) days from the date of this

       Judgment and Decree, then all equity of redemption in the premises be foreclosed and the premises sold as upon execution in one entire tract;

6. The Plaintiff shall apply for and the Clerk of the United States District Court shall issue an Order of Sale;

7. The United States Marshal for the District of Nebraska shall thereupon advertise and sell, according to law, the aforementioned property;

8. As upon execution, the United States Marshal shall report his proceedings under this Decree and Order to this Court and shall deposit the proceeds of the sale, if any, into the Registry of the Court;

9. Upon confirmation of the sale, the Clerk shall apply the proceeds as follows:

   a. First, to the payment of the costs of the Plaintiff, and to the United States Marshal for service of Summons and Complaint and execution of Order of Sale;

   b. Second, to the payment of the amount found due the Plaintiff with interest thereupon according to law;

   c. Third, to the payment of the costs of the United States Marshal for per diem and special requirements;

   the Clerk shall retain in the Registry of the Court any surplus from the sale until further order of the Court;

10. Upon proper motion after confirmation of the sale, judgment against the defendant Terry Colburn shall be entered herein for the deficiency should the proceeds arising from the sale of the property described herein be

      insufficient to satisfy the costs of the sale, the costs of this action, and the amount of Plaintiff's judgment, together with interest thereon;

11. The aforementioned costs will be determined, after confirmation of sale, pursuant to the procedures described in Rule 54.1 of the Local Rules of the United States District Court for the District of Nebraska; and

12. Upon confirmation by the Court of the sale of the aforementioned real estate, the United States Marshal shall execute a deed to the purchaser(s); and the parties of this Decree and Order and all persons claiming under them are ordered to deliver possession of the real estate to such purchaser(s).

DATED this 24th day of July, 2006.

                                  BY THE COURT:

                                  s/Laurie Smith Camp
                                  United States District Judge